## NEW YORK SUPERIOR COURT.

CHRISTIAN BRAND, plaintiff and appellant agt. HIRAM FOCHT and ROBERT GUNSON, defendants and respondents.

The purchaser's posesession of a bill of lading for goods sold under a parol con- tract for over $50, if obtained without the seller's consent and without payment of any purchase money, will not take the case out of the statute of frauds.

*General Term, December,* 1865.
*Before* MONCRIEF, MONELL *and* McCUNN, *Justices.*
APPEAL from judgment at special term.

A. H. REAVEY, *for appellant.*
D. HAWLEY, *for respondents.*

By the court, MONCRIEF, J. The complaint was properly dismissed. The appellant concedes in his first point that

there was no memorandum in writing; that no portion of the (so called) purchase money was paid to the defendant at the time of making the alleged contract, and he also concedes that the amount to be paid under the parol agreement exceeded the sum of fifty dollars. Such an arrangement clearly was void under the statute of frauds, unless the plaintiff (the buyer) shall accept and receive part of such goods, or the evidences or some of them, of such things in action. No part of the goods were delivered to the plaintiff, and of course none was accepted or received by him. The plaintiff claims, however, that having come into the possession of the bill of lading for the coal, the parol contract is relieved of its vice or defect. In this he is in error; he did not accept or receive that evidence of title at the same time, nor was it part of the same transaction. The parol agreement was for $6 per ton, and was made in March, 1863. The bill or invoice pinned to the bill of lading (*fols.* 3, 4, 5), is dated April 27, 1863, and claims $6.50 per ton. Besides this, the possession of the bill of lading by the plaintiff without the assent of the defendants, and in view of his refusal to accept it upon the terms demanded (a higher rate per ton than was stated in the parol contract), if not tortious, conveyed no right or benefit upon him. The keeping by the plaintiff of the bill of lading without the consent of Mr. Focht, plainly would not take the case out of the statute of frauds, no more than if it had come into his possession feloniously, or by finding. Again, if the bill of lading could be used to assist in taking the parol agreement out of the statute, the bill or invoice attached to and forming part of the alleged contract, the "*aggregatio mentium*," is wanting to perfect it. The plaintiff refusing to pay the amount claimed by the invoice, the agent of the defendants demanded the return of the bill of lading.

There was no error in excluding the undertaking given on behalf of the defendants. It is not suggested what

evidence it contained tending to establish his cause of action. As we find no error in the rulings made at the trial, the judgment will be affirmed.

MONELL and McCUNN, Justices, concurred.